## VOGEL v. HUGHES.

### January 25, 1840.

*Rule to show cause why plaintiff should not take money out of court.*

A. gave a bond to " The Guardians for the Relief and Employment of the Poor," &c. in the penal sum of $1000, conditioned for the performance of a decree of the Mayor's Court of Philadelphia, rendered on a complaint of desertion of his wife and children, that he should pay to the said guardians the sum of $10 per week for their support, accompanied with a warrant of attorney to confess judgment thereon, and with a stipulation that after execution issued for any sum which might become due by breach of the condition,

[Vogel v. Hughes.]

the judgment should remain as a security for the performance of the condition. Judgment was confessed on this bond. The obligor had paid weekly instalments regularly according to the condition, amounting to $511, when the real estate of the obligor was sold at sheriff's sale under a mortgage created by him subsequent to the entry of judgment on the bond, and the proceeds of sale were paid into court: *Held,*

1. That the bond was a continuing security in the whole amount of the penalty for constantly accruing liability, and that the amount of the judgment was not diminished by the amount of the weekly payments made.

2. That the whole amount of the penalty should remain as a security, and that the subsequent mortgage creditor was not entitled to receive out of the proceeds of sale, the amount of the weekly payments.

IN this case, a *levari facias* had issued on a judgment obtained on a mortgage given by the defendant to the plaintiff. The property was sold by the sheriff under this writ and he paid the proceeds into court. This mortgage was *subsequent* in date to a judgment against the defendant, held by " The Guardians for the Relief and Employment of the Poor," &c. more fully stated hereafter.

On the twelfth of May, 1837, James Hughes, the defendant, executed a bond and warrant of attorney, a copy of which is as follows, viz.:

" Know all men by these presents, that I, James Hughes, of the city of Philadelphia, grocer, am held and firmly bound to ' The Guardians for the Relief and Employment of the Poor of the City of Philadelphia, the District of Southwark and the Townships of the Northern Liberties and Penn,' in the sum of one thousand dollars, lawful money of the United States, to be paid to the said ' The Guardians for the Relief and Employment of the Poor of the City of Philadelphia, the District of Southwark and the Townships of the Northern Liberties and Penn,' their certain attorney, successors, or assigns; to which payment well and truly to be paid, I bind myself, my heirs, executors and administrators firmly by these presents; and I do hereby empower any attorney, of any court of record, to appear for me and, after declaration filed for the above sum, thereupon to confess judgment or judgments against me as of any time or term before or after the date hereof, and thereupon to issue execution for such sum or sums as shall, by affidavit filed in the said court, appear to be due by breach of the condition of this obligation, together with the costs of suit; and the said judgment or judg-

ments shall afterwards remain as a security for the performance of the said condition, and, in case of any further breach of the said condition, execution shall issue thereupon in the same manner as before. Sealed with my seal, dated the twelfth day of May, in the year of our Lord, one thousand eight hundred and thirty-seven.

" Whereas complaint was made to the Mayor's Court for the City of Philadelphia by the said guardians that the above bounden James Hughes had separated himself from his wife Rebecca and three children without reasonable cause, leaving them chargeable; and the said court, at March session, 1837, after hearing said complaint, made an order that the said James should pay to the said guardians for the support and maintenance of his wife and children the sum of $10 per week, to commence from the 22d day of February last past, to pay the costs of prosecution, and to give security in the sum of $1000 to the guardians, the said wife and children having become chargeable to the inhabitants of the city of Philadelphia, the district of Southwark, and the townships of the Northern Liberties and Penn, or some one of them.

" Now the condition of this obligation is such, *that if the above bounden* James Hughes, his heirs, executors, or administrators, shall and do, from time to time, and at all times hereafter, fully and clearly acquit, free, and discharge, or well and sufficiently save, defend, keep harmless, and indemnify the guardians aforesaid, and their successors, and also the inhabitants of the said city, district, and townships, of and from all manner of expenses, damages, costs, and charges whatsoever, which shall or may at any time hereafter arise, happen, grow, or be imposed upon them, or either or any of them, for or by reason or means of the premises, by paying to the said guardians the sum of $10 for each and every week, to commence as aforesaid, and in all things faithfully performing said order, and of and from all other actions, suits, troubles, charges, damages, and demands whatsoever, touching or concerning the same, then the above obligation to be void, otherwise to stand, be and remain in full force and virtue.

JAMES HUGHES.          [L. S.]"

This bond was duly witnessed.

[Vogel v. Hughes.]

Judgment was entered on this bond and warrant, in this court, on the 19th day of May, 1837, in the penalty of $1000.

The mortgage given by Hughes the defendant, to Vogel the plaintiff, was subsequent in date.

The mortgage creditor obtained a rule to show cause why he should not take out of court the amount of $511, on the ground that Hughes had, under the condition of his bond to the "Guardians for the relief, &c. of the poor," paid to them $10 per week for fifty-one weeks, making in the aggregate $511, on account of the bond, the penalty of which was, as aforesaid, $1000.

*F. W. Hubbell*, for the rule, cited 1 *Doug.* 48 ; 6 *T. R.* 303 ; 2 *Wm. Black.* 1190 ; 8 *Cowen* 623–4.

*Hanna*, contra.

Per Curiam.—The bond on which the judgment was entered in favour of the guardians, is in the nature of a continuing security for the discharge of a constantly accruing liability. It stands for all and every part of the liability contemplated. Execution may issue on the judgment for any sum which may become due by breach of the condition, and the judgment is afterwards *to remain* as a security for the performance of the condition. It is not the ordinary case of a bond in a penalty conditioned for the performance of some act simply, in which there is no stipulation as to a continuance of the security, after the condition has been partly performed. In such a case a part payment goes in part discharge of the penalty. This bond, by its terms, is of a different nature, and we cannot diminish the security which the parties intended should remain.

Rule discharged.